UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Decapolis Systems, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DOC LLC, a/k/a Direct Orthopedic Care,<br><br>Defendant. | Case No. 6:21-cv-01263-ADA<br><br>**Answer to Original Complaint [Dkt. 1], Affirmative Defenses, and Counterclaims** |


Bryan P. Stevens
Texas State Bar No. 24051387
bstevens@hallettperrin.com

HALLETT & PERRIN, P.C.
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: 214.922.4160
Facsimile: 214.922.4142

Elijah M. Watkins (pro hac vice forthcoming)
elijah.watkins@stoel.com
Cory M. Carone (pro hac vice forthcoming)
cory.carone@stoel.com

STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000

*Counsel for Defendant DOC LLC*

## ANSWER TO ORIGINAL COMPLAINT

Defendant DOC LLC, a/k/a Direct Orthopedic Care, responds to the original complaint filed in this matter on December 3, 2021 (the "Complaint"). DOC denies all allegations in the Complaint except as expressly admitted in this Answer. DOC denies that Plaintiff Decapolis Systems, LLC is entitled to the relief sought. DOC responds to the specific allegations in the Complaint as follows:

### The Parties[1]

1. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and, on that basis, denies the allegations.

2. In response to the allegations in paragraph 2, DOC admits that it is a business entity organized and existing under the laws of the State of Idaho. DOC admits that it maintains an office at 2805 North Dallas Parkway, Suite 640, Plano, Texas. DOC admits that it may be served in Texas through its registered agent James Griffin. DOC denies any remaining allegations in paragraph 2.

### Jurisdiction and Venue

3. In response to the allegations in paragraph 3, DOC admits that this case presents a federal question under 28 U.S.C. §§ 1331 and 1338(a).

4. In response to the allegations in paragraph 4, DOC admits that it has a registered agent in Texas and that it conducts business in Texas, including within the Western District of Texas. DOC admits, solely for purposes of the present action, that it consents to the

[1] DOC includes the headings from the Complaint only for ease of reference. DOC's inclusion of the headings is not an endorsement or admission of the substance of the headings.

Court exercising personal jurisdiction over DOC. DOC denies any remaining allegations in paragraph 4.

5. In response to the allegations in paragraph 5, DOC admits that it voluntarily provides healthcare services in Texas, including at locations in the Western District of Texas. DOC denies any remaining allegations in paragraph 5.

6. In response to the allegations in paragraph 6, DOC admits that it maintains some of its business locations in Texas, including within the Western District of Texas. DOC admits that Figure 1 appears to be an accurate screenshot of a portion of its website. DOC admits that it is headquartered in Texas. DOC denies any remaining allegations in paragraph 6.

7. In response to the allegations in paragraph 7, DOC admits that it maintains business locations within the Western District of Texas. DOC does not contest Plaintiff's selection of venue. DOC denies any remaining allegations in paragraph 7.

**Patents-in-Suit**

8. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and, on that basis, denies the allegations.

9. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and, on that basis, denies the allegations.

10. DOC denies the allegations in paragraph 10.

11. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and, on that basis, denies the allegations.

12. DOC denies the allegations in paragraph 12.

13. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and, on that basis, denies the allegations.

14. DOC denies the allegations in paragraph 14.

15. DOC denies the allegations in paragraph 15.

16. To the extent the allegations in paragraph 16 purport to quote or characterize U.S. Patent No. 7,464,040, DOC refers to the document itself for a true and correct statement of its contents. DOC denies any remaining allegations in paragraph 16.

17. To the extent the allegations in paragraph 17 purport to quote or characterize U.S. Patent No. 7,464,040, DOC refers to the document itself for a true and correct statement of its contents. DOC denies any remaining allegations in paragraph 17.

18. To the extent the allegations in paragraph 18 purport to quote or characterize U.S. Patent No. 7,464,040, DOC refers to the document itself for a true and correct statement of its contents. DOC denies any remaining allegations in paragraph 18.

19. To the extent the allegations in paragraph 19 purport to quote or characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 19.

20. To the extent the allegations in paragraph 20 purport to characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 20.

21. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and, on that basis, denies the allegations.

22. DOC denies the allegations in paragraph 22.

23. DOC denies the allegations in paragraph 23.

24. DOC denies the allegations in paragraph 24.

25. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and, on that basis, denies the allegations.

26. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and, on that basis, denies the allegations.

27. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and, on that basis, denies the allegations.

28. To the extent the allegations in paragraph 28 purport to characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. To the extent there are any remaining allegations in paragraph 28, DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the allegations.

29. To the extent the allegations in paragraph 29 purport to characterize regulations and judicial opinions, DOC refers to those regulations and opinions for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 29.

30. To the extent the allegations in paragraph 30 purport to quote or characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 30.

## The Accused Instrumentalities

31. In response to the allegations in paragraph 31, DOC admits that it uses electronic medical record software that it lawfully licensed or purchased from non-party

DrChrono, Inc. To the extent there are any remaining allegations in paragraph 31, DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the allegations. Other than licensing or purchasing DrChrono, Inc.'s products, DOC is not affiliated with DrChrono, Inc. DOC does not design, manufacture, or sell DrChrono, Inc.'s products.

**Count I – Infringement of U.S. Patent No. 7,490,048**

32. In response to the allegations in paragraph 32, DOC incorporates in full its responses to the above paragraphs.

33. In response to the allegation in paragraph 33, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 33.

34. In response to the allegations in paragraph 34, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 34.

35. DOC denies the allegations in paragraph 35.

36. DOC denies the allegations in paragraph 36.

37. DOC denies the allegations in paragraph 37.

38. DOC denies the allegations in paragraph 38.

39. DOC denies the allegations in paragraph 39.

40. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and, on that basis, denies the allegations.

41. DOC denies the allegations in paragraph 41.

42. DOC denies the allegations in paragraph 42.

43. In response to the allegations in paragraph 43, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 43.

44. DOC denies the allegations in paragraph 44.

45. To the extent the allegations in paragraph 45 purport to quote or characterize judicial opinions or statutes, DOC refers to those opinions and statutes for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 45.

46. To the extent the allegations in paragraph 46 purport to quote or characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. To the extent there are any remaining allegations in paragraph 46, DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

47. To the extent the allegations in paragraph 47 purport to quote or characterize a judicial opinion, DOC refers to that opinion for a true and correct statement of its contents. DOC denies any remaining allegations in paragraph 47.

48. DOC denies the allegations in paragraph 48.

49. DOC denies the allegations in paragraph 49.

50. In response to the allegations in paragraph 50, DOC admits that it has never entered into a license agreement with Plaintiff. DOC denies any remaining allegations in paragraph 50.

**Count II – Infringement of U.S. Patent No. 7,464,040**

51. In response to the allegations in paragraph 51, DOC incorporates in full its responses to the above paragraphs.

52. In response to the allegations in paragraph 52, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 52.

53. In response to the allegations in paragraph 53, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 53.

54. To the extent the allegations in paragraph 54 purport to quote or characterize a patent application, DOC refers to the patent application for a true and correct statement of its contents. DOC denies any remaining allegations in paragraph 54.

55. DOC denies the allegations in paragraph 55.

56. DOC denies the allegations in paragraph 56.

57. DOC denies the allegations in paragraph 57.

58. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and, on that basis, denies the allegations.

59. DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and, on that basis, denies the allegations.

60. DOC denies the allegations in paragraph 60.

61. DOC denies the allegations in paragraph 61.

62. In response to the allegations in paragraph 62, DOC denies that Plaintiff properly served the Complaint on DOC. DOC admits that it has now seen a copy of the Complaint. DOC denies any remaining allegations in paragraph 62.

63. DOC denies the allegations in paragraph 63.

64. To the extent the allegations in paragraph 64 purport to quote or characterize judicial opinions or statutes, DOC refers to those opinions and statutes for a true and correct statement of their contents. DOC denies any remaining allegations in paragraph 64.

65. To the extent the allegations in paragraph 65 purport to quote or characterize judicial opinions, DOC refers to those opinions for a true and correct statement of their contents. To the extent there are any remaining allegations in paragraph 65, DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the allegations.

66. To the extent the allegations in paragraph 66 purport to quote or characterize a judicial opinion, DOC refers to that opinion for a true and correct statement of its contents. To the extent there are any remaining allegations in paragraph 66, DOC lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the allegations.

67. DOC denies the allegations in paragraph 67.

68. DOC denies the allegations in paragraph 68.

69. In response to the allegations in paragraph 69, DOC admits that it has never entered into a license agreement with Plaintiff. DOC denies any remaining allegations in paragraph 69.

**Prayer for Relief**

70. DOC denies that Plaintiff is entitled to any of the relief it seeks.

**Jury Demand**

71. DOC admits that Plaintiff has demanded a jury.

## AFFIRMATIVE DEFENSES

DOC asserts the following affirmative defenses in response to the allegations in the Complaint without admitting or acknowledging that it bears the burden of proof as to any of them. DOC asserts these affirmative defenses based upon information presently available to it. DOC reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available in discovery, at trial, or otherwise.

**First Affirmative Defense**

The Complaint fails to state a claim for which the relief sought may be granted. Plaintiff has failed to allege with required specificity that any of the Accused Instrumentalities or the use thereof infringes any claim of the Decapolis Patents.

**Second Affirmative Defense**

Defendant has not infringed in any manner any valid and enforceable asserted claim of U.S. Patent No. 7,490,048 ("the '048 patent").

**Third Affirmative Defense**

Defendant has not infringed in any manner any valid and enforceable asserted claim of U.S. Patent No. 7,464,040 ("the '040 patent").

**Fourth Affirmative Defense**

The asserted claims of the ’048 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

**Fifth Affirmative Defense**

The asserted claims of the ’040 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

**Sixth Affirmative Defense**

DOC is not liable to Plaintiff for any acts alleged to have occurred before DOC knew its actions would allegedly infringe the ’040 patent or ’048 patent.

**Seventh Affirmative Defense**

Plaintiff is estopped from asserting or construing any asserted claims of the Decapolis Patents because of cancellations, amendments, arguments, representations, or concessions made to the U.S. Patent and Trademark Office during the pendency of the applications for the Decapolis Patents and for any related patents, patent applications, or post-grant proceedings.

**Eighth Affirmative Defense**

Plaintiff’s attempted enforcement of the Decapolis Patents is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

**Ninth Affirmative Defense**

Plaintiff's claims under the doctrine of equivalents are barred to the extent the scope of any such equivalent would ensnare the prior art.

**Tenth Affirmative Defense**

Plaintiff's claims are barred to the extent that Plaintiff and any prior assignees or owners of the Decapolis Patents failed to mark any relevant products or materials as required by 35 U.S.C. § 287.

**Eleventh Affirmative Defense**

Decapolis is not entitled to attorney's fees, including under 35 U.S.C. § 285 because this is not an exceptional case.

## COUNTERCLAIMS

DOC alleges the counterclaims below against Decapolis, and would respectfully show the Court as follows:

**Parties**

1. DOC LLC, a/k/a Direct Orthopedic Care, is a business entity organized under the laws of the State of Idaho. DOC is a medical care provider offering direct orthopedic care to its patients. DOC conducts business in Texas, including within the Western District of Texas.

2. Decapolis Systems, LLC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 600 S. Dixie Hwy, # 605, West Palm Beach, Florida 33401.

**Jurisdiction and Venue**

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has subject-matter jurisdiction under the foregoing statutory sections and 28 U.S.C. §§ 1331 and 1338.

4. The Court may exercise personal jurisdiction over Decapolis because it commenced its corresponding action for patent infringement before this Court.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**Count I – Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,490,048**

6. An actual and justiciable controversy exists between DOC and Decapolis concerning alleged infringement of U.S. Patent No. 7,490,048 ("the '048 patent") as evidenced by the Complaint Decapolis has filed against DOC before this Court.

7. DOC is not infringing and has not infringed any valid and enforceable claim of the '048 patent, as those claims are properly construed.

**Count II – Declaratory Judgment of Invalidity of U.S. Patent No. 7,490,048**

8. An actual and justiciable controversy exists between DOC and Decapolis concerning the validity of the expired '048 patent as evidenced by the Complaint Decapolis has filed against DOC before this Court.

9. One or more claims of the '048 patent are invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112. The '048 patent constitutes only an abstract idea without an inventive concept. *Mayo Collaborative Servs. v.*

*Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012); *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

10. One or more of the claims of the '048 patent are invalid as indefinite for failing to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

11. One or more of the claims are invalid because prior art references were not cited to the U.S. Patent & Trademark Office during prosecution of the application that led to the '048 patent.

12. One or more of the claims are invalid because relevant products were on sale or in public use prior to the earliest priority date to the which the '048 patent is entitled.

**Count III – Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,464,040**

13. An actual and justiciable controversy exists between DOC and Decapolis concerning alleged infringement of U.S. Patent No. 7,464,040 ("the '040 patent") as evidenced by the Complaint Decapolis has filed against DOC before this Court.

14. DOC is not infringing and has not infringed any valid and enforceable claim of the '040 patent, as those claims are properly construed.

**Count IV – Declaratory Judgment of Invalidity of U.S. Patent No. 7,464,040**

15. An actual and justiciable controversy exists between DOC and Decapolis concerning the validity of the '040 patent as evidenced by the Complaint Decapolis has filed against DOC before this Court.

16. One or more claims of the '040 patent are invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112. The '040 patent

constitutes only an abstract idea without an inventive concept. *Mayo Collaborative Servs.*, 566 U.S. 66; *Alice Corp. Pty.*, 573 U.S. 208.

17. One or more of the claims of the '040 patent are invalid as indefinite for failing to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

18. One or more of the claims are invalid because prior art references were not cited to the U.S. Patent & Trademark Office during prosecution of the application that led to the '040 patent.

19. One or more of the claims are invalid because relevant products were on sale or in public use prior to the earliest priority date to which the '040 patent is entitled.

## Jury Demand

20. Pursuant to Federal Rule of Civil Procedure 38, DOC requests a trial by jury on all issues so triable.

## Prayer for Relief

DOC respectfully requests the Court grant it the following relief:

1. a declaratory judgment that DOC does not infringe, and has not infringed, any claim of the '048 patent;

2. a declaratory judgment that the claims of the '048 patent are invalid;

3. a declaratory judgment that DOC does not infringe, and has not infringed, any claim of the '040 patent;

4. a declaratory judgment that the claims of the '040 patent are invalid;

5. a finding that this case is exceptional under 35 U.S.C. § 285 and an award of DOC's reasonable attorney's fees and costs; and

6. any further relief that the Court may deem just and proper, at law or in equity.

Dated: July 11, 2022

Respectfully submitted,

*/s/ Bryan P. Stevens*

Bryan P. Stevens
Texas State Bar No. 24051387
bstevens@hallettperrin.com
HALLETT & PERRIN
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: 214.922.4160
Facsimile: 214.922.4142

Elijah M. Watkins (pro hac vice forthcoming)
elijah.watkins@stoel.com
Cory M. Carone (pro hac vice forthcoming)
cory.carone@stoel.com
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000

*Counsel for Defendant DOC LLC*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing to be filed via CM/ECF, effectuating service on all counsel of record.

Dated: July 11, 2022

*/s/ Bryan P. Stevens*
Bryan P. Stevens